UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

WALTER BALKUM, 04-B-0527,

          Plaintiff,

v.

JOHN P. LEONARD, TOM W. TURNBULL,
K. HULETT, C.O. MEEKUS, LT. RICHIR,
and JOHN DOE,

          Defendants.

**DECISION AND ORDER**

14-CV-6352 EAW

___

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On June 25, 2014, Plaintiff Walter Balkum ("Plaintiff"), an inmate currently incarcerated at the Wende Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983, alleging that on June 17, 2011, Defendants Leonard, Hulett, Meekus, Turnbull, and a John Doe "physically attacked" Plaintiff while Plaintiff was in full mechanical restraints, causing physical, mental, and emotional injuries. (Dkt. 1). Plaintiff also alleges that he informed Defendant Richir of the alleged attack, but Defendant Richir "failed to correct the wrong acts." (*Id.* at 7).

On July 9, 2014, this Court directed the Attorney General of the State of New York, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), to ascertain the full name of the John Doe Defendant Plaintiff seeks to sue. (Dkt. 3 at 1). In a letter motion dated August 18, 2014, Plaintiff stated that Assistant Attorney General Debra Martin informed Plaintiff by letter dated August 13, 2014, that she was unable to

identify the John Doe Defendant. (Dkt. 4). As a result, Plaintiff moved for additional time to ascertain the name of "John Doe." (*Id.*).

Defendants Hulett, Leonard, Meekus, and Turnbull filed their answer to the complaint on October 31, 2014. (Dkt. 7). Also on that date, Defendant Richir filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 8).

On November 3, 2014, this Court issued a motion scheduling order directing that responses to either motion be filed no later than December 3, 2014. (Dkt. 9). Plaintiff was specifically advised that his claims as to Defendant Richir may be dismissed without a trial if Plaintiff failed to respond to the motion. (*Id.*). Neither party has submitted a response to either of the pending motions.

For the following reasons, Plaintiff's motion for an extension of time to discover the identity of the John Doe Defendant is granted, and Defendant Richir's motion to dismiss is denied.

## II. PLAINTIFF'S MOTION FOR AN EXTENSION

According to Plaintiff, Assistant Attorney General Debra Martin was unable to ascertain the identity of "John Doe." (Dkt. 4). As a result, Plaintiff has requested additional time to attempt to identify "John Doe" through discovery. (*Id.*).

"[T]he Court will not dismiss the claim against John Doe until plaintiff has had sufficient discovery to name the defendant." *Warren v. Goord*, 476 F. Supp. 2d 407, 413-14 (S.D.N.Y. 2007); *see also Kearse v. Lincoln Hosp.*, No. 07 Civ. 4730(PAC)(JCF), 2009 WL 1706554, at *2 (S.D.N.Y. June 17, 2009) ("Courts typically refrain from dismissing suits against 'John Doe' defendants 'until the plaintiff has had some

opportunity for discovery to learn the identities of responsible officials. . . .'") (quoting *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998)).

At the same time, however, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999). "Claims under 42 U.S.C. § 1983 asserted in New York based on personal injuries, such as Plaintiff's claims premised on excessive force, are subject to a three-year statute of limitations." *Cuellar v. Love*, No. 11-cv-3632 (NSR), 2014 WL 1486458, at *5 (S.D.N.Y. Apr. 11, 2014). Plaintiff's claims against the John Doe Defendant may be barred because the events alleged in the complaint occurred over three years ago – on June 17, 2011. (Dkt. 1). On the other hand, despite the passing of the statute of limitations, Plaintiff may be able to relate back his claims pursuant to Fed. R. Civ. P. 15(c)(1)(A). *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (although three year statute of limitations had expired, plaintiff permitted to relate back amended pleading identifying former John Does where plaintiff had diligently sought the identity of the John Does and had a detailed complaint sufficient to provide notice to John Does that they were the intended defendants).

In any event, Defendants failed to respond to Plaintiff's request for additional time to ascertain the identity of "John Doe" and have therefore failed to raise the statute of limitations argument. Further, the parties have not yet engaged in discovery.

Accordingly, Plaintiff's request for additional time to identify "John Doe" through discovery is granted.

III.  DEFENDANT RICHIR'S MOTION TO DISMISS

Defendant Richir argues that he should be dismissed from the case because Plaintiff has failed to sufficiently state a claim against him. (Dkt. 8-1 at 1). Specifically, Defendant Richir argues that Plaintiff alleged he told Defendant Richir about the attack after it took place, and that therefore Defendant Richir could not have intervened, providing no basis for a failure-to-protect claim. (*Id.* at 2). However, the Court does not read Plaintiff's complaint as stating a failure-to-protect claim. Instead, it appears that Plaintiff is simply alleging Defendant Richir's personal involvement and subsequent liability with respect to his excessive use of force claim.

A.  **Standard of Review**

"'In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotations and citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v.*

*Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotations and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (alteration in original) (internal quotations and citations omitted).

In addition, "[i]t is well-settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotations and citation omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir. 2004) (alteration in original) (internal citation omitted) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'"). Moreover, "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). A court may not "invent factual allegations [plaintiff] has not pled." *Id.*

Construing Plaintiff's complaint liberally, it appears that Plaintiff is alleging that Defendant Richir, as a supervisor to the other named Defendants, was personally involved in the alleged excessive use of force insofar as he failed to correct the wrongful activity. (Dkt. 1 at 7) ("While within the Lakeview Shock Incarceration Facility Plaintiff advised Defendant Richards[sic] of the unlawful physical attack on him by the Defendants named in the first claim. Defendant Richards[sic] after learning of the physical attack on Plaintiff he failed to correct the wrong acts.").

B. **Personal Involvement of Supervisory Official**

"The Eighth Amendment . . . imposes duties on prison officials to 'take reasonable measures to guarantee the safety of the inmates' in their custody." *Munlyn v. Pietrie*, No. 13-CV-6170FPG, 2014 WL 3695488, at *6 (W.D.N.Y. July 24, 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "[T]o recover damages against supervisory officials for the acts of their subordinates, a plaintiff must show that the defendant's personal involvement caused the constitutional deprivation." *Beatty v. Davidson*, 713 F. Supp. 2d 167, 176 (W.D.N.Y. 2010).

Personal involvement may be established through a showing that, *inter alia*, "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong." *Liner v. Goord*, 582 F. Supp. 2d 431, 433 (W.D.N.Y. 2008).

Here, Plaintiff alleges in his first claim that he was physically attacked "while imprisoned in a DOCCS transportation bus . . . parked within Lakeview Shock Incarceration Facility," (Dkt. 1 at 6), and alleges in his second claim that "while within the Lakeview Shock Incarceration Facility" he advised Defendant Richir of the attack committed by his corrections officers (*id.* at 7). Both claims are listed as occurring on June 17, 2011 at 6:00 p.m. "within Lakeview Shock Incarceration Facility." (*Id.* at 6-7). As a result, Plaintiff's complaint may liberally be construed to allege that Defendant Richir was present and informed of the alleged attack, or that Defendant Richir was informed of the alleged attack shortly after it occurred but failed to remedy the wrong. Either way, Plaintiff sufficiently alleges Defendant Richir's personal involvement to survive a motion to dismiss by claiming that Defendant Richir learned of the alleged attack but "failed to correct the wrong acts." (*Id.* at 7). *See Randolph v. Griffin*, No. 12-CV-745S, 2014 WL 3548967, at *7 (W.D.N.Y. July 17, 2014) (finding plaintiff sufficiently alleged claim against supervisory defendant where defendant was allegedly told about attack shortly after it occurred but failed to remedy the wrong).

Accordingly, Defendant Richir's motion to dismiss is denied. The Court will give Plaintiff the opportunity to demonstrate whether he has a valid claim against Defendant Richir through discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time is granted, and Defendant Richir's motion to dismiss is denied. Defendant Richir is directed to file an answer to the complaint within 20 days of the filing of this Decision and Order.

Moreover, discovery may proceed in this case and Plaintiff may attempt to identify "John Doe" through discovery.

SO ORDERED.

*[Signature]*
ELIZABETH A. WOLFORD
United States District Judge

Dated:   December 15, 2014
         Rochester, New York