UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WALTER BALKUM,
        Plaintiff,

v.

JOHN P. LEONARD, et al.,
        Defendants.

**DECISION & ORDER**
14-cv-6352-EAW-JWF

## Preliminary Statement

In his § 1983 civil rights complaint, plaintiff Walter Balkum ("plaintiff" or "Balkum") alleges that on June 17, 2011, while serving a sentence at the Lakeview Shock Incarceration Correctional Facility, he was attacked and assaulted by several prison guards who he has named as defendants. Currently before the Court is Balkum's motion to compel responses to his discovery demands (Docket # 30). For the reasons described more fully below, plaintiff's motion to compel (Docket # 30) is denied.

## Factual Background

On February 27, 2015, I issued a Scheduling Order in this matter requiring discovery to be complete by September 18, 2015, a period in excess of six months. Docket # 14. The Scheduling Order stated in part, "[n]o extension of the above cutoff dates

1

will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension." Id. In order to assist the plaintiff in obtaining discovery, the Scheduling Order directed the defendants to provide by May 18, 2015, and without the need for formal discovery demands, the following documents and information:

> all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose. Defendants shall also provide to plaintiff copies of any documents prepared by any employee of the State of New York, including the Inspector General, in connection with the events from which the plaintiff's claims arose including, but not limited to, the following: Incident reports, intra departmental memoranda, use of force reports, witness statements, misbehavior reports, medical treatment records (if release is properly authorized), and transcripts of disciplinary hearings.

Id. The defendants timely complied with the Court's Scheduling Order. Docket # 15. Although four months remained before the close of discovery, plaintiff filed no discovery requests.

On the same day that the defendants complied with the discovery obligations set forth in the Court's Scheduling Order, defense counsel also noticed the deposition of plaintiff. (Docket # 16). During his deposition, plaintiff was asked if there were any previously unnamed witnesses to the alleged assault and he answered "no." Decl. of Hillel Deutsch ("Deutsch Decl."), (Docket # 33), at ¶ 11. However, after the close of discovery, plaintiff informed defense counsel that there indeed

2

was a witness to the event. Id. at ¶ 12. On or about December 18, 2015, defense counsel wrote to Judge Wolford and requested that "discovery be reopened in this matter for the limited purpose of obtaining the identities of these witnesses and deposing them."[1] Judge Wolford stayed the dispositive motion deadlines and re-referred the case to the undersigned "for resolution of the aforementioned discovery issues as outlined in Assistant Attorney General Hillel Deutsch's letter to the Court dated December 18, 2015." Id.

By letter dated January 8, 2016, plaintiff identified the new witness as Geddis Harris and described Harris as the inmate who carried him to the prison infirmary after he was assaulted. Docket # 25. On January 22, 2016, defense counsel noticed the deposition of Geddis Harris. See Docket # 26. That same day, plaintiff served discovery demands seeking an array of information from each of the defendants. See Docket # 27. The next day, defense counsel informed plaintiff that the defendants would not respond to the demands because they were untimely. Deutsch Decl. at ¶ 20. Plaintiff then filed the instant motion to compel defendants' responses to plaintiff's discovery demands. See Docket # 30. Defendants responded to plaintiff's motion on April 25, 2016. See Docket # 33.

---

[1] This letter does not appear on the docket.

3

## Discussion

The defendants argue that plaintiff's discovery demands are untimely. I agree. The demands were filed nearly four months after the close of discovery. The untimely demands consist of 67 pages of requests, 240 interrogatories, and 150 production requests. See Docket # 27. Some of these discovery demands are directed to the New York State Department of Corrections and Community Supervision, which is not a party to this action. Some of the discovery demands are directed towards defendant Richir (Docket # 27-2), who has been dismissed from this action. See Docket # 32.

A party moving to reopen discovery after the discovery period has closed must show good cause. Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991). "Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must similarly establish good cause." Gucci America, Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011).

Plaintiff has failed to provide any good cause for reopening discovery or for his delay in waiting to serve discovery demands until months after the discovery deadline had passed. Plaintiff has had ample time to conduct discovery and chose not to do so. His assertion that Judge Wolford's December 21, 2015 Text Order is "an extension that applies to both

parties" is not persuasive. See Mot. to Compel, (Docket # 30), at 1. Judge Wolford's Text Order simply stayed dispositive motion deadlines pending the resolution of "recently-discovered discovery issues." Docket # 23. The record is clear that the "recently-discovered discovery issues" pertain only to plaintiff's identification of Geddis Harris as a witness. I conclude that Judge Wolford's Text Order did not operate to extend all discovery, and therefore plaintiff's demands are untimely.

## Conclusion

For the foregoing reasons, plaintiff's motion to compel (Docket # 30) is **denied**. Plaintiff's request for defendants to pay plaintiff costs associated with making this motion is also **denied**.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 16, 2017
Rochester, New York